Opinion issued June 14,
2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00270-CV

———————————

Domino’s Pizza, L.L.C. and Hugo Espinosa, Appellants

V.

Christopher Umanzor, Leticia
Umanzor,

AND MANUEL UMANZOR, Appellees



 



 

On Appeal from the 270th District
Court

Harris County, Texas



Trial Court Case No. 2007-39909

 



 

 

MEMORANDUM OPINION

 

          While in the course and scope of his
employment as a delivery driver for appellant Domino’s Pizza, L.L.C.,
(hereinafter, Domino’s, L.L.C.) appellant Hugo Espinosa ran over fifteen­‑year‑old
appellee Christopher Umanzor, who had been riding his skateboard.  Seeking damages for the serious injuries
suffered by Christopher, his parents, appellees Manuel Umanzor and ­Letitia
Umanzor, individually and as next friend to their then-minor child, filed
suit.  The jury attributed 50% of the
responsibility to Espinosa and 50% to Christopher, and the trial court rendered
judgment against Espinosa and Domino’s, L.L.C., jointly and severally, for (1) $775,000
to Christopher for future medical expenses, past and future physical pain and mental
anguish, future disfigurement, and past and future physical impairment (2) and
$91,619.84 to Leticia, for past medical expenses.    

      In two issues, Espinosa and Domino’s
Pizza, L.L.C.­­ contend that the trial court erred in not identifying Manuel as
a potentially responsible third party, and in implicitly ruling that Manuel was
no longer a claimant under Civil Practice and Remedies Code section
33.011(1).  Tex. Civ. Prac. & Rem. Code. Ann. § 33.011(1) (West
2008).  The trial court’s error, they
argue, deprived them of an opportunity to have the jury determine the
proportionate responsibility of both Christopher and his father, Manuel, with
the potential result that any recovery by or on behalf of Christopher would be
barred if their combined responsibility was greater than 50%.  See
Tex. Civ. Prac. & Rem. Code. Ann.
§ 33.001 (West 2008).  We affirm.

 

 

Procedural
Background

          The facts in the case are not
disputed.  Christopher was fifteen at the
time of the accident and turned eighteen after the trial, but before the
judgment was signed.  The lawsuit was
originally brought in June 2007 by Manuel and Leticia, individually and as next
friends of Christopher, against Espinosa—the driver—and Domino’s, L.L.C.  In June 2008, Espinosa and Domino’s, L.L.C. counterclaimed
against Manuel for contribution.  In
January 2009, the Umanzors added Domino’s Pizza, Inc. as a defendant
(hereinafter, Domino’s, Inc.).  In April
2009, Espinosa and Domino’s, L.L.C. filed an amended counterclaim, adding a
contributory negligence claim against Christopher and Manuel and also
designating Christopher as a responsible third party.  In May 2009, Domino’s, Inc. counterclaimed
against Manuel for contribution and against Manuel and Christopher for
contributory negligence, and designated both of them as responsible third parties.  On June 30, 2009, the trial court reset the
trial for the two‑week period beginning September 7, 2009.

          In August 2009, Espinosa, Domino’s,
L.L.C., and Domino’s, Inc. filed a “motion to determine jury questions” in
which they proposed an instruction in the charge that would direct the jury not
to answer the damages question unless the combined negligence of both
Christopher and Manuel did not exceed 50%. 
This motion was reurged in a September 2009 “motion to reconsider.”  On September 18, 2009, the trial court denied
the motion “as premature.”[1]  In October 2009, Espinosa and Domino’s,
L.L.C. filed a petition for a writ of mandamus in this Court complaining
of the trial court’s September 18, 2009 order. 
This Court denied the petition on November 2, 2009.  In re Domino’s Pizza, L.L.C.,
No. 01‑09‑00863‑CV (Tex. App. [1st Dist.] Nov.
2, 2009) (orig. proceeding, mem. op.).

          On August 27, 2009, an eighth amended
original petition was filed that omitted Manuel as a plaintiff, leaving him in
the case only as a counterdefendant.[2]  On September 8, 2009, Espinosa, Domino’s,
L.L.C., and Domino’s, Inc. filed a “motion for leave to designate responsible
third party” seeking that Manuel be so designated. [3]  On September 25, 2009, the trial was reset
for the two‑week period beginning November 2, 2009.  On September 28, 2009, the trial court denied
the motion “to designate” and on October 9, 2009, Espinosa and Domino’s, L.L.C.
filed a motion to reconsider that ruling.[4]

          On October 8, 2009, Leticia
“nonsuited” all causes of action against Domino’s, Inc.[5]  The same day Manuel, as a counterdefendant, moved
for summary judgment against Espinosa and Domino’s, L.L.C.’s claims for
contribution, on the basis that any such claim is derivative of any claim
Christopher might have, which would be barred by the doctrine of parental
immunity.  See Shoemake v. Fogel, Ltd.,
826 S.W.2d 933, 935 (Tex. 1992).  On
October 30, 2009, the trial court granted Manuel’s motion and rendered a
partial summary judgment dismissing with prejudice the contribution
counterclaims brought by Espinosa and Domino’s, L.L.C. against Manuel.

          The trial was held from November 5 to
17, 2009.  At the charge conference, the sole
challenge to the charge from Espinosa and Domino’s, L.L.C. was the following: “Your
Honor, the defendant tenders an instruction which it believes it would be
appropriate to add to question, advance Question No. 2, citing back the
definition of claimant under Chapter 33.” 
The trial court rejected it and indicated the tendered instruction would
be “included in the Court’s file.”  The
rejected instruction is not included in the appellate record.  Espinosa and Domino’s,
L.L.C. specifically stated that they had no further objections to the
charge.  As a result, the charge was
submitted to the jury with the following question:

QUESTION 2

          For each person you found caused or contributed
to cause the occurrence, find the percentage of responsibility attributable to
each:

                    a.       Hugo Espinosa                _______________ %

                    b.       Christopher Umanzor      _______________ %

                                        Total                                    100           %

 

Nowhere in the charge
was the jury asked to determine the percentage of responsibility attributable
to Manuel.

          On November 17, 2009, the jury reached
a verdict for Christopher and Leticia, which the trial court accepted.  The jury found that both Espinosa and Christopher
proximately caused the occurrence, attributed 50% of the responsibility to each
of them, and awarded a total of $2,000,000 in damages for medical expenses,
physical pain and mental anguish, disfigurement, and physical impairment.  Christopher reached majority on November 22,
2009 and appeared in the case individually as a plaintiff.

          On January 25, 2010 the trial court
signed a final judgment based on the jury verdict against Espinosa and
Domino’s, L.L.C., jointly and severally, for the following: (1) $91,619.84 for
past medical expenses to Leticia; (2) $775,000 to Christopher for future
medical care and disfigurement, and past and future physical pain and mental
anguish and physical impairment; and (3) pre‑and postjudgment interest to
both Christopher and Leticia.  On February
22, 2010, Espinosa and Domino’s, L.L.C. filed a motion for new trial.[6]  On April 9, 2010, Espinosa and Domino’s,
L.L.C. filed a notice of appeal.

Discussion

          In their first issue, Espinosa and
Domino’s, L.L.C. contend that the trial court erred in not allowing them to
designate Manuel as a responsible third party. 
This initially came before the trial court on September 8, 2009 when
Espinosa, Domino’s, L.L.C., and Domino’s, Inc. filed a “motion for leave to
designate responsible third party.”  The
trial court denied the motion on September 28, 2009.  On October 9, 2009, Espinosa and Domino’s,
L.L.C. filed a motion to reconsider that ruling.  There is no formal ruling on the motion in
the record, but there is a docket entry indicating it was denied.

          In their initial motion to designate, Espinosa
and Domino’s, L.L.C. stated the following:

The Motion is Filed Out
of Abundance of Caution

          Defendants believe that the making of
contributory negligence assertions and contribution claims against existing
parties to a lawsuit does not fall within the purview of third party
practice.  Indeed CPCR [Civil Practice
and Remedies Code] §33.003 “Determination of Percentage Responsibility” states
that such a determination is to be made amongst[:]

[](1)   each claimant;

(2)     each defendant;

(3)     each settling person; and,

(4)     each responsible third party who has been
designated under §33.004.[]

See §33.003(a).  Thus, by statute, there is a difference
between claimants and responsible third parties.  However, as the Court has already heard,
Defendants contend that, according to statute, Manuel Umanzor is already a
claimant.  Therefore, Defendants contend
they would have had no obligation to seek leave under §33.004 from this Court
to then designate him as a “responsible third party.”  Nevertheless, in order to preclude needless
wrangling at pretrial of this action, Defendants have filed the instant motion.

 

(Citations and
footnotes omitted).  The motion to
reconsider restated the argument quoted above, except for the concluding
sentence, and added the following:

Further, the CPRC
§33.004(e) and (l) make it clear that “a responsible third party is neither
joined in the lawsuit, made subject to the court’s jurisdiction, nor otherwise
prejudiced by a determination of fault.” 
Clearly that is not the case here as Manual Umanzor has been a party
to the lawsuit for almost two years. 
Thus, he cannot be a “responsible third party” as he has been “joined in
the lawsuit,” “made subject to the court’s jurisdiction” and will indeed “be
prejudiced by a determination of fault.” 
The three prong description of what a responsible third party will be as
set forth in the statute makes it clear that Manuel Umanzor cannot actually be
a “responsible third party” under that statute, but if the Court is
interpreting the statute so as to require him to be so designated for purposes
of §33.001, then Defendants are seeking permission from the Court to do so
accordingly.

 

(Citations and
footnotes omitted).  See Tex. Civ. Prac. &
Rem. Code Ann. §§ 33.003, .004 (West 2008 & Supp. 2011).  Espinosa and Domino’s, L.L.C.’s position at
trial was that Manuel was a claimant, and we agree.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 33.011(1)(B) (West 2008) (defining “claimant,” in part, as person seeking
recovery of damages, including a plaintiff, which includes any person who could
seek recovery of damages for the injury or harm of that person).

          Without deciding whether the trial
court could properly allow Manuel to be designated as a responsible third party
when he was simultaneously a claimant, we hold that the trial court’s initial
ruling was, at worst, harmless because Manuel was a claimant, thus bringing him
within the purview of Chapter 33 in any event. 
We overrule the first issue.

          In their second issue, Espinosa and
Domino’s, L.L.C. contend, “The trial court erred in implicitly ruling, as a
matter of law, that Manuel Umanzor was no longer a ‘claimant’ as defined by
Tex. Civ. Prac. & Rem. Code Sec. 33.011(1) after the August 27, 2009 filing
of Plaintiffs’ Eighth Amended Petition such that his negligence could not be
considered by the trier of fact.”[7]  We do not agree that the trial court made any
such “implicit” ruling.

          As discussed above, at the charge
conference the only challenge from Espinosa and Domino’s, L.L.C. was the
following: “Your Honor, the defendant tenders an instruction which it
believes it would be appropriate to add to question, advance Question No. 2, citing
back the definition of claimant under Chapter 33.”  The tendered instruction is not a part of the
appellate record and it was not read aloud or otherwise described during the
charge conference, so we do not know what specific instruction was
requested.  As the instruction is not
before us, we must assume that the instruction was solely one defining a
“claimant,” because the record of the charge conference reflects no request by Espinosa
and Domino’s, L.L.C. that Manuel’s percentage responsibility for the accident—assuming
that sufficient evidence was adduced to support it—be submitted to the jury as
a claimant or a responsible third party. 
What was submitted, without specific objection, was the following
question:

QUESTION 2

          For each person you found caused or
contributed to cause the occurrence, find the percentage of responsibility
attributable to each:

                    a.       Hugo Espinosa                _______________ %

                    b.       Christopher Umanzor      _______________ %

                                        Total                                    100           %

 

          The only relevance of Manuel’s
characterization as either a claimant or a responsible third party would have
been if the jury had been asked to determine the percentage of his
responsibility.

          Because the jury was never asked to
weigh Manuel’s percentage responsibility and Espinosa and Domino’s, L.L.C.
never objected to that aspect of the question or requested that the trial court
include Manuel in the question, Espinosa and Domino’s, L.L.C. have not
preserved for appellate review their claim that the jury might have found
Christopher and Manuel’s combined responsibility to be greater than 50%.  See
Tex. R. Civ. P. 279; State Dep’t of Highways & Pub. Transp. v.
Payne, 838 S.W.2d 235, 241 (Tex. 1992). 
In their request for an instruction, Espinosa and Domino’s, L.L.C. did
not make it apparent to the trial court that it should ask the jury Manuel’s
comparative responsibility, or that sufficient evidence in the record supported
a claim of negligence against him.

          We overrule the second issue.

Conclusion

          We affirm the
trial court’s judgment.

 

 

                                                                      Jim
Sharp

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.











[1]         See Cruz v. Andrews
Restoration, Inc., 55 Tex. Sup. Ct. J. 608, 618–19 (Apr. 20, 2012) (“A
charge filed before trial begins rarely accounts fully for the inevitable
developments during trial.  For these
reasons, our procedural rules require that requests be prepared and presented
to the court ‘within a reasonable time after
the charge is given to the parties or their attorneys for examination.’  Tex.
R. Civ. P. 273 []).”).





 

[2]         The district clerk’s
filemark indicates the amended petition was filed on November 4, 2009, but
it was electronically filed on August 27, 2009. 
The certificate of service in the petition reflects an August 27, 2009
date.





 

[3]         At the time the September 8, 2009 “motion for
leave to designate responsible third party” was filed, the case had been set for
trial for the two‑week period beginning September 7, 2009, but the trial
court on August 31, 2009 granted a continuance.

 





[4]         The
trial court’s docket indicates an order denying the motion for reconsideration
was signed on October 16, 2009, but the order is not in the appellate record.  At that time, Manuel was still a party to the
case as a counterdefendant.

 





[5]         This was
technically a voluntary dismissal of a party under either Texas Rule of Civil
Procedure 63 or 163, rather than a Rule 162 nonsuit.  See C/S Solutions, Inc. v. Energy Maint. Servs.
Grp. LLC, 274 S.W.3d 299, 306–07 (Tex. App.—Houston [1st Dist.] 2008, no
pet.).  The trial court’s docket
indicates an order of partial “nonsuit” was signed on October 15, 2009, but the
order is not in the appellate record.





[6]         The
trial court’s docket indicates an order denying the new trial was signed on
March 12, 2010, but the order is not in the appellate record.





[7]         Because appellants’ brief raises an issue against Manuel,
i.e., that he should be a claimant, and Manuel was a party to the trial court’s
final judgment, Manuel is an appellee.  See Showbiz
Multimedia, L.L.C. v. Mountain States Mortg. Ctrs., Inc., 303 S.W.3d 769,
771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.).